**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Criminal Case No. 06-cr-00189-REB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.  SAMSON LAMEMAN,

    Defendant.

---

## ORDER

**Blackburn, J**

The matter before me is the defendant's **Unopposed Motion to Exclude Time From the Speedy Trial Act** [#19], filed June 5, 2006. The motion is well-taken and is granted.

Defendant's motion implicates the Speedy Trial Act of 1974, codified at 18 U.S.C. §§ 3161-3174. Specifically, the motion implicates 18 U.S.C. § 3161(h) which provides, in relevant part:

> The following periods of delay shall be excluded . . . in computing the time within which the trial of any such offense must commence:
>
> . . . .
>
> (8)(A) Any period of delay resulting from a continuance granted by any judge . . . at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(8)(A).

The Speedy Trial Act is "designed to protect a defendant's constitutional right to a speedy indictment and trial, and to serve the public interest in ensuring prompt criminal proceedings." **United States v. Hill,** 197 F.3d 436, 440 (10th Cir. 1999). It requires that a criminal defendant's trial commence within 70 days after his indictment or initial appearance, whichever is later. **See** 18 U.S.C. § 3161(c)(1); **United States v. Lugo**, 170 F.3d 996, 10001 (10th Cir.1999). Certain periods of delay are excluded and do not count toward the 70-day limit. **See** 18 U.S.C. § 3161(h)(1)-(9). Specifically, "the Act excludes any period of delay 'resulting from a continuance granted by any judge . . . on the basis of its findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.'" **Hill**, 197 F.3d at 440-441 (10th Cir. 1999) (quoting 18 U.S.C. § 3161(h)(8)(A)).

In order for a continuance to qualify as an excludable "ends-of- justice" continuance under section 3161(h)(8)(A), certain prerequisites must be satisfied. **Id**. at 441. First, I must consider the following factors listed in section 3161(h)(8)(B):

> (i)   Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice;
>
> (ii)  Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [the Act];
>
> (iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified

> > in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex;
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(8)(B)(i) - (iv).  After considering these factors, I must then set forth, "in the record of the case, either orally or in writing, [my] reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial."  *Id.*, § 3161(h)(8)(A).  Although my findings "'may be entered on the record after the fact, they may not be made after the fact.'"  *Hill*, 197 F.3d at 441 (quoting *United States v. Doran*, 882 F.2d 1511, 1516 (10th Cir.1989)).  "Instead, '[t]he balancing must occur contemporaneously with the granting of the continuance because Congress intended that the decision to grant an ends-of-justice continuance be prospective, not retroactive[.]'"  *Id.* (quoting *Doran*, 882 F.2d at 1516).

The averments of fact alleged by defendant in his motion essentially have been confessed by the government.  Thus, those foundational and predicate facts are deemed established.  The defendant is charged with murder.  The incident in question took place in Towac, Colorado, which is in the far southwestern part of the state.  The defendant's counsel is based in Denver.  The defendant says all of the witnesses are located in the far southwestern part of the state, and that there may be witnesses

whose identity is not yet known to the defense.  In addition, the defendant reports that an autopsy report, apparently concerning the alleged victim, has been prepared.  The defense may need to hire a medical expert to evaluate this report and possibly to challenge the report.

Based on these agreed facts, I find that it would be unreasonable to expect adequate preparation by defendant for pretrial or trial proceedings within the time initially allowed under 18 U.S.C. § 3161(c), or by the date of trial as now set.  I have considered the factors which I must under 18 U.S.C. § 3161(h)(8)(B)(i)-(iv). As required by 18 U.S.C. § 3161(h)(8)(C), I have not predicated my ruling on congestion of the court's calendar or lack of diligent preparation by counsel.  Accordingly, I conclude as follows:

(1) That failure to grant a continuance of trial beyond the time initially prescribed by 18 U.S.C. § 3161(c) would likely result in a miscarriage of justice within the meaning of 18 U.S.C. § 3161(h)(8)(B)(i);

(2) That even considering due diligence, failure to grant the motion would deny counsel for defendant the reasonable time necessary for effective pretrial and trial preparation within the meaning of 18 U.S.C. § 3161(h)(8)(B)(iv); and

(3) That therefore the ends of justice served by granting the motion outweigh the best interests of the public and defendant in a speedy trial within the meaning of 18 U.S.C. § 3161(h)(8)(A).

**THEREFORE, IT IS ORDERED** as follows:

1. That the defendant's **Unopposed Motion to Exclude Time From the Speedy Trial Act** [#19], filed June 5, 2006, is **GRANTED**;

2.  That the trial preparation conference currently set for Friday, July, 21, 2006, at 1:15 p.m., is **VACATED** and **CONTINUED** without date;

3. That the jury trial currently set to commence on Monday, July 24, 2006, is **VACATED** and **CONTINUED** without date;

4.  That counsel shall contact the court's administrative assistant by telephone at 303-335-2350 on **June 30, 2005**, at 9:30 a.m., to re-set this matter for trial preparation conference and trial; and

5.  That trial shall be set to begin no later than **November 6, 2006.**

Dated June 27, 2006, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**