**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Criminal Case No. 06-cr-00189-REB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. SAMSON LAMEMAN,

    Defendant.

**ORDER DENYING DEFENDANT'S MOTION FOR ACCESS TO KARLA SILAS'
PREVIOUS PRESENTENCE INVESTIGATION REPORT**

**Blackburn, J.**

The matter before me is **Defendant's Motion for Access to Karla Silas' Previous Presentence Investigation Report** [#68] filed October 24, 2006. I deny the motion.

Relying on ***Brady v. Maryland***, 373 U.S. 83 (1963) and ***United States v. Ruiz***, 536 U.S. 622 (2002),[1] defendant requests the entry of an order allowing the defense to access the Presentence Report of Karla Silas, a key witness for the government, prepared for use in case number 99-cr-00115-LTB. *See* Motion at 1. Without factual circumstantiation defendant asserts, "[h]ere Ms. Silas' PSI likely contains exculpatory impeachment evidence." *Id*. at 2, ¶ 4. Defendant does not identify or describe even the

---

[1] I find ***Ruiz*** to be inapposite because the narrow issue there as framed by Justice Breyer was ". . . whether the Fifth and Sixth Amendments require federal prosecutors, before entering into a binding plea agreement with a criminal defendant to disclose impeachment information relating to any informants or other witnesses." ***United States v. Ruiz***, 536 U.S. 622, 625 (2002) (internal quotation marks omitted).

general nature of such "exculpatory impeachment evidence."

Due process under the Fifth Amendment requires that the defense be provided with any material evidence that is favorable to the defendant. **Brady,** 373 U.S. at 87. Evidence is favorable to the defendant if it constitutes either exculpatory or impeachment evidence. **Smith v. Sec'y of N.M. Dept. of Corrs.**, 50 F.3d 801, 825 (10th Cir.1995). The Supreme Court has held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment…." **Brady**, 373 U.S. at 87. With the holding of **Giglio v. United States**, the Supreme Court further delineated the disclosure requirements, explaining that "[w]hen the 'reliability of a given witness may well be determinative of guilt or innocence,' nondisclosure of evidence affecting credibility falls within this general rule." **Giglio v. United States**, 405 U.S. 150, 154 (1972) (quoting **Napue v. Illinois**, 360 U.S. 264, 269 (1959)). Thus, evidence is favorable to defendant if it is favorably relevant to exculpation, credibility, or punishment.

"[E]vidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." **United States v. Bagley**, 473 U.S. 667, 682 (1985). In turn, a "reasonable probability" is a " 'probability sufficient to undermine confidence in the outcome.' " **Bagley**, 473 U.S. at 682 (quoting **Strickland v. Washington**, 466 U.S. 668, 694(1984). "Brady is not a discovery rule, but a rule of fairness and minimum prosecutorial obligation." **United States v. Beasley**, 576 F.2d 626, 630 (5th Cir. 1978), cert. denied, 440 U.S. 947 (1979). Implicit in this requirement is a concern that the suppressed

evidence could have affected the jury's determination of guilt. ***United States v. Agurs***, 427 U.S. 97 (1976).

Defendant has failed to identify or describe any general category of information or any specific item of information in the Silas presentence report[2] that constitutes, or that would constitute, material evidence favorable to defendant as defined by ***Brady*** and its progeny.[3] Thus, no obligation for disclosure or production under ***Brady*** (or ***Giglio***) is implicated or triggered. Defendant's motion should be denied.[4]

**THEREFORE, IT IS ORDERED** that **Defendant's Motion for Access to Karla Silas' Previous Presentence Investigation Report** [#68] filed October 24, 2006, **IS DENIED**.

Dated February 26, 2007, at Denver, Colorado.

                                                  **BY THE COURT:**

                                                  **s/ Robert E. Blackburn**
                                                  **Robert E. Blackburn**
                                                  **United States District Judge**

---

[2] Additionally, there is nothing in **18 U.S.C. 3552(a)** or **Fed.R.Crim.P. 32(d)**, other than the requirement at **Fed.R.Crim.P. 32(d)(2)(A)(I)** to report "any prior criminal record," which implicates ***Brady*** material.

[3] I take the government at its word when it represents in its response to defendant's motion that the government has disclosed and produced Ms. Silas' criminal history and record. *See* Response [#73] at 1, ¶ 1.

[4] My ruling is consistent with the deference and confidentiality generally accorded a presentence report in the context of a request for disclosure by a third party. *See, e.g.*, **U.S. Dept. of Justice v. Julian**, 486 U.S. 108 (1988); **United States v. Dingle**, 546 F.2d 1378 (10th Cir. 1976).